FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2025

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE T., | No. 4:24-CV-05022-RHW |
| Plaintiff, | ORDER GRANTING IN PART PLAINTFF'S MOTION FOR SUMMARY JUDGMENT AND CLOSING THE FILE |
| v. | |
| LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | ECF Nos. 7, 12 |

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment and the Commissioner's Brief in response. ECF Nos. 7, 12. Attorney Chad Hatfield represents Plaintiff; Special Assistant United States Attorneys David J. Burdett represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's motion, ECF No. 7, and **DENIES** Defendant's motion, ECF No. 12.

### JURISDICTION

Plaintiff filed an application for Supplemental Security Income on July 6, 2017, alleging onset of disability beginning March 3, 2010. Tr. 15, 63-64, 442.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER - 1

1  The application was denied initially and upon reconsideration.  Tr. 88-94.
2  Administrative Law Judge (ALJ) Mark Kim held a hearing on September 20, 2019,
3  Tr. 32-62, and issued an unfavorable decision on December 26, 2019.  Tr. 11-29.
4  The Appeals Council denied Plaintiff's request for review on June 9, 2020.  Tr. 1-
5  6.  Plaintiff filed an action in United States District Court on August 10, 2020.  On
6  March 28, 2022, this Court reversed and remanded the claim for further
7  proceedings to reconsider each medical opinion in the record, reevaluate Plaintiff's
8  testimony; and if Plaintiff was found disabled, to determine whether substance
9  abuse was a material factor contributing to his disability.  Tr. 488-500.  On July 18,
10  2022, the Appeals Council vacated ALJ Kim's 2019 decision and remanded the
11  case to the ALJ for further proceedings consistent with the order of this Court.[2]  Tr.
12  508.

13       ALJ Kim held a remand hearing on November 14, 2023, Tr. 463-87, and
14  issued an unfavorable decision on December 12, 2023.  Tr. 439-62.  The Appeals
15  Council did not assume jurisdiction of the case, making ALJ Kim's December
16  2023 decision the final decision of the Commissioner, which is appealable to the
17  district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial
18  review on February 12, 2024.  ECF No. 1.

                             **STANDARD OF REVIEW**

19
20       The ALJ is tasked with "determining credibility, resolving conflicts in
21  medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035,
22  1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with
23

24  [2] The Appeals Council noted Plaintiff had filed a "subsequent claim for disability
25  benefits on September 28, 2020, which was denied by hearing decision issued on
26  April 19, 2022."  Tr. 508.  As discussed *infra*, evidence from Plaintiff's subsequent
27  2020 claim, including medical expert testimony relevant to the period at issue here,
28  is absent from the administrative record.

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant

number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here. Plaintiff was born in 1992 and was and was 25 years old on the date the application was filed in 2017. Plaintiff completed 10th grade and has a limited work history. Tr. 456.

## ADMINISTRATIVE DECISION

On December 12, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 442-57.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date July 6, 2017. Tr. 444.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder; anxiety disorder; personality disorder; attention deficit hyperactivity disorder; and learning disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 446.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a full range of work at all exertional levels, with the following nonexertional limitations:

> [H]e can perform simple, routine, unskilled tasks with a Specific Vocational Preparation of 2 or less. He can perform work involving only simple decision making and only occasional and simple changes.

ORDER - 4

He can perform work involving no interaction with the public and only occasional and superficial interaction with coworkers.

Tr. 450.

At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 455.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of kitchen helper, laundry laborer, and linen room attendant.  Tr. 456.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act since July 6, 2017, the date the application was filed.  Tr. 457.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title XVI of the Social Security Act.  The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff raises the following issues for review (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ conducted a proper step two analysis; (3) whether the ALJ conducted a proper step three analysis; (4) whether the ALJ properly evaluated Plaintiff's symptom complaints; and (5) whether the ALJ conducted a proper step five analysis.  ECF No. 7 at 5.

## DISCUSSION

### A.    Medical Opinions

Plaintiff contends the ALJ improperly evaluated the medical opinions of Plaintiff's medical providers.  ECF No. 7 at 8-17.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical

findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1)    *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2)    *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and

legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the 2017 regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

Additionally, the law of the case doctrine applies in the Social Security context. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Under the law of the case doctrine, a court is precluded from revisiting issues which have been decided—either explicitly or implicitly—in a previous decision of the same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine of the law of the case "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567 (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)). The rule of mandate is similar to, but broader than, the law of the case doctrine. The rule provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Stacy*, 825 F.3d at 567-68. Further, in Social Security cases, when the Appeals Council remands a case to the ALJ, the ALJ must take any action ordered by the Appeals Council and must follow the specific instructions of the reviewing court. 20 C.F.R. § 416.1477; *Samples v. Colvin*, 103 F. Supp. 3d 1227, 1231-32 (D. Or. 2015).

This Court previously determined ALJ Kim erred by improperly assessing the opinions of Dr. Marks, Dr. Morgan, and Dr. Burdge. Tr. 499. Upon remand,

ORDER - 7

1   the ALJ was ordered to reassess each of the medical opinions of record, to consider

2   developing the record by directing Plaintiff to undergo an exam "preferably with a

3   medical professional who specializes in individuals who have substance use

4   disorders or dual diagnoses of substance use disorders and co-occurring mental

5   disorders," as consistent with Agency policy, and to reevaluate Plaintiff's

6   testimony, take into consideration any additional evidence presented, and, if

7   necessary, determine whether Plaintiff's mental impairments would disable him

8   absent limitations resulting from drug and alcohol use. *Id.*

9        Upon remand, however, the ALJ failed to discuss Dr. Marks's 2017 opinion,

10   summarily dismissed the 2021 opinion of Plaintiff's treating psychiatrist, Dr.

11   Hashmi, and, as discussed *infra*, failed to adequately address an ALJ decision on

12   Plaintiff's subsequent application for benefits during the period at issue, including

13   the medical expert testimony of Dr. Toews at a 2022 hearing.  Tr. 442-57.  The

14   ALJ must consider and evaluate the persuasiveness of all medical opinions or prior

15   administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a)

16   and (b).  The ALJ is required to consider "all medical opinion evidence."

17   *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  The ALJ did not

18   assess multiple medical opinions as required by the regulations and failed to follow

19   the instructions of the Court to reconsider all medical opinion evidence in the

20   record as well as reevaluate Plaintiff's mental impairments in the context of any

21   substance use disorder with the assistance of medical professional(s).  This is

22   reversible error.

23        Additionally, ALJ Kim was aware of the 2022 decision by ALJ Lori Freund

24   on Plaintiff's subsequent claim for benefits, which included the medical expert

25   testimony of Dr. Toews.  *See* Tr. 514-26.  In that decision, ALJ Freund determined

26   Plaintiff had several severe impairments, including schizoaffective disorder and

27   substance use disorders, which ALJ Kim discounted at step two and did not further

28   address.  *See* Tr. 470-71, 508, 514-26.  ALJ Freund's decision covered at least two

ORDER - 8

and a half years during the period at issue in the present case and is based on the same records.  ALJ Freund concluded that during that time, at least, Plaintiff met several Listings, but that Plaintiff's substance use was material between 2020 and 2022.  Tr. 514-26.  This Court specifically ordered ALJ Kim to assess issues of mental health and substance use, but in contrast to his own 2019 decision as well as the 2022 decision of ALJ Freund, using the same records and with minimal discussion, ALJ Kim discounted evidence of schizoaffective disorder at step two and concluded any substance use disorder did not constitute a medically determinable impairment through the entire period at issue and did not address it. *See, e.g.*, Tr. 17, 21, 444-46, 499.  This is insufficient.  The ALJ has an independent duty to develop the record fully and fairly in order to make a fair determination as to disability, even where, as here, the claimant is represented by counsel.  *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1995).  "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'"  *See Tonapetyan*, 242 F.3d at 1150 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).  The ALJ erred as he failed to develop the record to include relevant evidence from the subsequent claim or to properly assess evidence of Plaintiff's mental health impairments and substance use disorder(s) as previously ordered by this Court.

ALJ's Freund's decision was discussed by Plaintiff's representative and ALJ Kim at the 2023 remand hearing.  Tr. 470-71, 514-26.  The Appeals Council also noted Plaintiff's subsequent application and ALJ Freund's decision in its 2022 order vacating ALJ Kim's prior decision and remanding this claim to him for further proceedings. Although ALJ Freund's 2022 decision is included in the record, the hearing transcript with medical expert testimony, as well as other relevant evidence, is not included in the current administrative record before this

Court.  Neither party's briefing has explained these gaps in the record or even addressed the fact that there was a subsequent claim and ALJ decision with a DAA material finding.  Regardless, there is relevant evidence missing, including medical expert testimony from a 2022 hearing.  ALJ Kim erred by not developing the record to include such evidence.

Upon remand, the ALJ will develop the record, including evidence from Plaintiffs subsequent 2020 Title XVI claim.  The ALJ is instructed to reassess all medical opinion evidence with the assistance of medical expert testimony.  The ALJ will adopt the limitations in an opinion or provide reasons supported by substantial evidence to discount the opinion.

**B.    Other issues**

Plaintiff contends the ALJ also erred by improperly rejecting Plaintiff's subjective complaints and failed to conduct an adequate analysis at step two, step three, and step five of the sequential analysis.  ECF No. 7 at 17-22.

Having determined a remand is necessary to further develop the record and readdress the medical opinion evidence, the Court declines to reach these issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").  Upon remand the ALJ will also reperform the sequential analysis with the assistance of medical and vocational expert testimony and perform a reassessment of Plaintiff's subjective symptom claims.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error.  Plaintiff argues the decision should be reversed and remanded for the payment of benefits.  ECF No. 7 at 21-22.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further

administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). The Court will also not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021. The Court finds that further proceedings are necessary to develop the record with medical expert testimony and reconsider the evidence, including conflicting medical opinions.

On remand, the ALJ is instructed to obtain all updated medical evidence and determine whether any appeals remain pending on the 2022 decision by ALJ Freund or any other subsequent/additional claims. The ALJ will ensure all relevant evidence during the period at issue in this claim is exhibited in the administrative record. The ALJ will reperform the sequential analysis with the assistance of medical expert testimony, and will reassess all medical opinion evidence, utilizing the factors required, with the assistance of the medical expert to determine Plaintiff's impairments, whether such impairments meet or equal a listing or are disabling, and if so, whether substance use is material for some or all of the period at issue. The ALJ will reconsider Plaintiff's symptom claims as well as any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion, **ECF No. 7**, is **GRANTED** in part. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion, **ECF No. 12**, is **DENIED**.

3. Upon proper presentation, the Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The District Court Executive is directed to update the docket sheet to reflect the substitution of Leland Dudek as Defendant, enter this Order, **ENTER**

**JUDGMENT** in favor of Plaintiff, forward copies to counsel, and **CLOSE THE FILE.**

      DATED March 26, 2025.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge
